**OCKRANT et, Plaintiffs, v. RAILWAY SUPPLY & MANUFACTURING CO., and J. ROBERT ORTON, Individually and as Trustee, Defendants.**

Common Pleas Court, Hamilton County.

No. A-167706. Decided July 20, 1959.

Cohen, Baron, Druffel & Hogan, By Timothy S. Hogan, James Q. Doren, for plaintiffs.

Frost & Jacobs, By H. J. Siebenthaler, Francis L. Dale, for defendants.

**526**

## OPINION

By LEIS, J.:

This matter was brought in the Common Pleas Court of Hamilton County on the Application of William Ockrant and Babette Ockrant for an Order Confirming an Arbitration Award. Subsequently an application was filed by Railway Supply & Manufacturing Company and J. Robert Orton, individually and as Trustee for an Order Modifying, Correcting and/or Vacating said Award.

Thereafter a hearing was held before this Court and the question as to the authority of this Court to hear this application was raised. The sole question before the Court at this time is whether this Court has jurisdiction to proceed in this matter.

Proceedings of this nature are authorized by virtue of **Chapter 2711 R. C.** The Court will direct its attention to one statute of this chapter. **Sec. 2711.08 R. C.,** provides as follows:

"The award made in an arbitration proceeding must be in writing, must designate the county in which it is made, and must be signed by a majority of the arbitrators. * * *"

According to this statute, three elements must be satisfied:

1. The award must be in writing.
2. The award must designate the county in which it was made.
3. The award must be signed by a majority of the arbitrators.

Turning to the Award of the Arbitrators which is the subject of the action, the Court finds this document as "Exhibit 1" attached to the application of the Ockrants. This document is dated November 18, 1958, and is signed by two of the three arbitrators. Holding up this document to the requirements of §2711.08 R. C., we find:

1. The award is in writing.
2. The county in which the award is made is not designated.
3. The award is signed by a majority of the arbitrators.

Is the absence of the county designation from this document fatal? The procedure set forth in **Chapter 2711 R. C.,** is a special enactment of the legislature conferring jurisdiction on the Common Pleas Court. Before jurisdiction attaches to a court in an individual case, all statutory requirements must be complied with. The statutory requirements in the instant action have not been complied with; to-wit, there has been a failure to designate the county wherein the award was made.

The language of the statute is clear and mandatory. The three necessary requirements set forth above are lacking. Two are present, one is not. This court cannot waive the third in the light of the statute's use of the word "must." If the award were not signed by a majority of the arbitrators this Court could not waive that requirement. Similarly, if the award were not in writing this Court would be powerless to dispense with that essential element. The three requirements are of equal importance. It therefore follows that the failure of any of the requirements of the award would be fatal.

The county designation is necessary to vest jurisdiction in the Common Pleas Court of the county wherein the award was made. That this was the intention of the legislature can be readily seen by §2711.09 **R. C.**

If the holding to the Court appears harsh, it should be remembered that this Court can not foist jurisdiction on itself. Failure to comply with all conditions precedent to vesting of jurisdiction results in a lack of jurisdiction and all proceedings rendered thereunder are void "ab initio."

The Court wishes to thank all counsel for the manner in which this matter was presented.

The Motion to Dismiss the Application is well taken and is hereby granted.

Please present your entry accordingly.