Prentice Funeral Home Co., Appellant, *v.* Local No. 821, International Union of Operating Engineers, Appellee. International Union of Operating Engineers, Local No. 821, Appellee, *v.* Prentice et al., d. b. a. Prentice Funeral Home Co., Appellants.

[Cite as Prentice Funeral Home Co. v. Local No. 821, 16 Ohio App. 2d 29.]

(Nos. 6128 and 6129—Decided October 23, 1968.)

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Edward C. Kaminski,* for appellants.
*Mr. James O. Cross,* for appellee.

Hunsicker, J. Two appeals on questions of law have been lodged in this court and orally argued together. One brief covering the questions arising in each case has been filed by each counsel. We will proceed to discuss the cases as though there is but one matter before us.

The International Union of Operating Engineers, Local No. 821, has, and had during the period considered herein, an existing collective bargaining contract in behalf of its members with the partnership of Joseph N. Prentice and Ernest R. McCarty, doing business as Prentice Funeral Home Company. In this opinion, the International

Union is called "Union" and the partnership is called "Prentice."

Eugene Baughman, a member of the Union, was employed by Prentice. The parties were subject to the collective bargaining agreement and, particularly, Article X thereof, which, in its pertinent part, reads as follows:

"A. It is mutually understood and agreed by both parties to this Contract, that in the event of any controversy arising under this agreement, said controversy shall first be referred for settlement to the Business Representative of Local Union No. 821, who shall endeavor to settle the matter in dispute in a manner satisfactory to both parties. However, should he be unable to settle same, then the matter in controversy shall be settled by a Board of Arbitration, selected as follows: One member to be selected by the Union; one member to be selected by the Company. These two shall select the third member of the Arbitration Board, and the final decision of this board shall be binding on both parties.

"B. * * *

"C. In no event shall the general wage scale be the subject of arbitration. The arbitrators may interpret this agreement and apply it to the case in question, but shall have no authority to add to; substract from, or modify the same."

Prentice discharged Baughman, who then called upon Union for help. Counsel for Union and Prentice requested an attorney to arbitrate the grievance, and who served alone as the board of arbitration by argreement of both parties. The letter from counsel for Prentice was sent from its office in Akron, Ohio, to the arbitrator, whose office address was given as Akron, Ohio. The issues as presented to the arbitrator were:

"(a). Is the action of the Company in discharging the grievant, Eugene Baughman, arbitrable under the terms of the labor agreement?

"(b). If the action of the Company is arbitrable was the grievant's discharge on May 10, 1967, a justifiable action?"

The arbitrator determined all issues in favor of the

Union member, Ernest Baughman, and ordered that he be restored to his position of employment without loss of pay or any other benefits accruing to him under the labor agreement.

On July 12, 1967, Union filed a petition to enforce the order rendered by the arbitrator, and, on the same day, Prentice filed a petition to vacate the order rendered by the arbitrator. In due course, the matter was submitted to the Court of Common Pleas of Summit County, which court heard the matter by stipulation of the evidence, after ordering the cases to be consolidated and tried as one action.

The Common Pleas Court found for Union and against Prentice, and ordered that Prentice comply with the award of the arbitrator in all respects, as prayed for by Union. It is these judgments that are before us for review.

Prentice says the Court of Common Pleas committed prejudicial error (1) "in denying the petition of the appellant to vacate the arbitrator's award;" (2) "in holding that the appellant waived the question of arbitrability by allowing the arbitrator to hear the case;" (3) "in ordering the enforcement of the arbitrator's award as it had no jurisdiction of the subject matter."

On the question of jurisdiction based on the claim that the arbitrator failed to follow the alleged mandatory requirement of Section 2711.08, Revised Code, as in effect when the award was made, we deem that objection untenable. The letter from counsel for Prentice to the arbitrator indicates they both are located in Akron, Ohio, and the award is dated June 22, 1967, at Akron, Ohio. We think it is a matter of judicial notice that there are no two post offices bearing the same name in any one state. Akron, Ohio, is known to be in Summit County, and of that the courts of this state take judicial notice in matters of this nature. See: 21 Ohio Jurisprudence 2d 58 *et seq.*, Evidence, Section 43 *et seq.* For the foregoing reason, assignment of error number three is untenable. We do not accept the case of *Ockrant* v. *Railway Supply & Mfg. Co.*, 81 Ohio Law Abs. 525, as authority in this case.

On the question of the right to arbitrate the grievance,

it appears to this court that a labor contract which covers "any controversy under this agreement" contemplates any matter wherein an employed member of the union is denied employment, overtime pay, pension, sick benefits, seniority and vacations. The purpose of a labor contract is to protect the employee-member of the union in all of the facets relating to his employment and, above all, to prevent the discharge of an employee, except for some cause related to his work. The arbitrator found no just cause in this case, and we must accept his finding as being proper herein since we have no bill of exceptions.

To hold that a company with whom a union has a labor contract can, arbitrarily, at its sole discretion, discharge an employee without just cause would, in effect, nullify the contract. One of the basic reasons why a collective bargaining agreement is entered into is to insure a stability of employment which, along with wages, is a sound economic benefit to the members of the union. These are prime reasons why employees join unions and, notwithstanding the failure of the contract to explicitly provide for the discharge of employees, except for just cause, such limitation is implicit in every labor agreement that provides for wages, hours, and the fringe benefits that usually are included therein.

Although we realize that Prentice is not in interstate commerce, yet, the well known cases of *United Steelworkers of America* v. *American Manufacturing Co.*, 363 U. S. 564; *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.*, 363 U. S. 574; and *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.*, 363 U. S. 593, are of interest in upholding the principle of arbitration.

For the reasons above set out, the judgments must be affirmed.

*Judgment in each case affirmed.*

BRENNEMAN, P. J., and HARVEY, J., concur.

HARVEY, J., of the Court of Common Pleas of Summit County, sitting by assignment in the Court of Appeals, in place of DOYLE, J.